UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

)
In re:                                                    )            Chapter 7
                                                          )            Case No. 13-43069-MSH
CARLOS ORTIZ AND LAURA ORTIZ    )
                                                          )
         Debtors                                          )
                                                          )

**MEMORANDUM OF DECISION REGARDING
MOTION TO AVOID JUDICIAL LIENS**

This matter is before me on the debtors' Motion to Avoid Judicial Liens in which the debtors, Carlos and Laura Ortiz, seek to avoid the judicial liens of Target National Bank, recorded in the Worcester District Registry of Deeds in Book 48268, Page 239, and NCEP as assignee of HSBC, recorded in the Worcester District Registry of Deeds in Book 50853, Page 390. Both judicial liens encumber the debtors' principal residence located at 6 Monticello Drive in Worcester, Massachusetts in which they hold title as tenants by the entirety. Target Bank's lien in the amount of $7,754.45 is against only Laura Ortiz's interest in the property; NCEP's lien in the amount of $8,557.85 is against only Carlos Ortiz's interest in the property.[1] Target's lien was recorded before NCEP's lien. In a single jointly filed motion, the debtors seek to avoid each judicial lien in its entirety pursuant to Bankruptcy Code § 522(f).[2] Neither lienholder has objected

---

[1] In Massachusetts a creditor may attach but not execute on one owner's interest in property held as tenants by the entirety. *Peebles v. Minnins*, 502 Mass. 282, 521 N.E.2d 1372 (1988).

[2] Section 522(f)(1) of the Bankruptcy Code provides:

   Notwithstanding any waiver of exemption but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an

1

to the motion.

The property has a value of $157,340 according to the valuation attached to the motion.[3] The motion also states that the residence is encumbered by a mortgage in the amount of $135,000.[4] On schedule C of the schedule of assets and liabilities accompanying their bankruptcy petition, the debtors claimed a collective exemption of $20,000 in their residence pursuant to Bankruptcy Code § 522(d)(1).[5] Apparently believing that a higher exemption would enhance the likelihood of total lien avoidance, they subsequently amended schedule C to increase their combined exemption to $25,950. This is considerably less than the $22,975 per debtor maximum amount each could have claimed pursuant to Bankruptcy Code § 522(d)(1)[6] but no matter. For purposes of § 522(f) lien avoidance it is not the amount a debtor declares as exempt but rather the statutory maximum that a

---

    exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (a) a judicial lien....

[3] The motion itself states a value of $157,240 which I assume is a typographical error.

[4] I take judicial notice of the fact that Mr. and Ms. Ortiz sought and obtained permission to enter into a loan modification with respect to this mortgage at the commencement of their bankruptcy case. The loan modification motion and its attachments suggest that the mortgage encumbering the property was greater than $135,000. I leave it to the Ortizes to seek further relief if they have used an incorrect figure in the motion presently before me.

[5] Under Bankruptcy Code § 522(b), debtors may elect either the federal bankruptcy exemptions set forth in § 522(d) or the exemptions available under state, federal non-bankruptcy or local law, provided that spouses filing jointly must make the same election. Bankruptcy Code § 522(b)(2) permits a state to "opt out'" of the federal exemption scheme, thereby requiring its residents to exempt property of the estate under state, federal non-bankruptcy or local law only. Massachusetts is not an opt-out state. *In re Feliciano*, 487 B.R. 47, 50 (Bankr. D. Mass. 2013).

[6] As explained later in this memorandum, the maximum § 522(d)(1) amount will be reduced if a debtor has diverted some of his or her § 522(d)(1) exemption to exempt assets under § 522(d)(5).

2

debtor could have declared that is relevant.

The amount of the § 522(d)(1) exemption which a debtor claims on schedule C is not a limitation of the amount that is used in determining whether a lien impairs the exemption under § 522(f). Although courts disagree as to whether a debtor must actually claim some exemption amount in order to be eligible to avoid a judicial lien,[7] it is undisputed that once an exemption is claimed, as the Ortizes have done in this case, the amount which is to be used in determining impairment is the amount *which a debtor would have been entitled to claim*, in other words the statutory maximum. As the Supreme Court noted in *Owen v. Owen* with respect to the italicized phrase:

> this reading is more consonant with the text of § 522(f)-which establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor "*is* entitled," but one to which he "*would have been* entitled." The latter phrase denotes a state of affairs that is conceived or hypothetical, rather than actual, and requires the reader to disregard some element of reality. "Would have been" *but for what?* The answer given, with respect to the federal exemptions, has been *but for the lien at issue,* and that seems to us correct.

*Owen v. Owen*, 500 U.S. 305, 310-311, 111 S.Ct. 1833, 1836 - 1837 (1991) (footnotes omitted). *See also Scannell*, 453 B.R. at 40-41; *Church*, 2009 WL 3754399 at*2.

In determining what amount each of the Ortizes would have been entitled to claim as exempt under Bankruptcy Code § 522(d)(1), it is necessary to consider whether and how much of the § 522(d)(1) exemption was used to exempt other assets in accordance with § 522(d)(5), the so-called wild card or pour-over exemption.

---

7 That split is exemplified by two cases from this circuit. *Compare In re Scannell*, 453 B.R. 36 (Bankr. D.N.H. 2011) (no requirement to claim an exemption in the encumbered property) *with In re Church*, No. 08-16202, 2009 WL 3754399 (Bankr. D. Mass. Nov. 3, 2009) (debtor must claim property as exempt). *See also Botkin v. DuPont Community Credit Union*, 650 F.3d 396, 401 (4th Cir. 2011) (no requirement to schedule exemption in encumbered property).

3

Section 522(d)(5) grants each debtor an exemption of "$1,225 plus up to $11,500 of any unused amount" of the § 522(d)(1) exemption. Mr. Ortiz claimed the following § 522(d)(5) exemptions:

| Available cash | $25.00 |
| Webster Five checking account | $113.97 |
| Toyota | $4,142.00 |
| **Total** | **$4,280.97** |

Mr. Ortiz thus used $3,055.97 ($4,280.97 minus $1,225) of his §522(d)(1) exemption, leaving him with a maximum § 522(d)(1) balance of $19,919.03 to exempt his interest in his home.

Ms. Ortiz claimed exemptions under § 522(d)(5) totaling $4,571.29 as follows:

| Available cash | $25.00[8] |
| Webster Five checking account | $697.05 |
| Wage garnishment recovery | $2,450.00 |
| Wage garnishment recovery | $1,399.24 |
| **Total** | **$4,571.29** |

In other words, Ms. Ortiz used $3,346.29 ($4,571.29 minus $1,225) of her § 522(d)(1) exemption to protect other assets, leaving her with a maximum § 522(d)(1) balance of $19,628.71 available to exempt her interest in her home.

Determining the exemption amount to which each of the Ortizes would be entitled under §522(d)(1) is only one step in the avoidance process. Section 522(f)(2)(A) provides a mathematical formula to be used to determine whether a judicial lien impairs a debtor's potential

---

[8] The available cash was listed as $50 and jointly owned so splitting the exemption evenly between Mr. and Ms. Ortiz is reasonable.

4

exemption.[9] Section 522(f)(2)(A) provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

It is not clear whether the term "all other liens on the property" in § 522(f)(2)(A)(ii) means all liens against the property or all liens against only a debtor's interest in the property. Here we have the Target lien which encumbers only Ms. Ortiz's interest in the property while the NCEP lien applies only to Mr. Ortiz's interest.

In *Miller v. Sul (In re Miller)*, 299 F.3d 183, 186 (3rd Cir. 2002), the court faced the question of how to apply § 522(f)(2)(A)'s formula in a case of jointly owned property where only one owner was a debtor in a bankruptcy case.. The court stated:

> We conclude, consistently with the majority of the courts addressing the issue, that what might be characterized as a literal application of section 522(f)(2)(A), in particular section 522(f)(2)(A)(ii), produces an illogical result where a debtor owns property jointly with a non-debtor. It is illogical to net the total outstanding secured debt balance attributable to

---

[9] In 1994, Congress enacted the Bankruptcy Reform Act which, among other things, introduced an arithmetic formula in § 522(f)(2)(A) for determining whether a lien impairs an exemption. The legislative history indicates that the formula in § 522(f)(2)(A) is based on the decision in *In re Brantz*, 106 B.R. 62 (Bankr. E.D. Pa. 1989), which was cited favorably by the United States Supreme Court in *Owen*, 500 U.S. at 313 n.5, 111 S.Ct. at 1838 n.5. The *Brantz* court set forth the following formula for determining lien avoidance under § 522(f)(1):

(1) Determine the value of the property on which the judicial lien is sought to be avoided;
(2) Deduct the amount of all liens not to be avoided from (1);
(3) Deduct the debtors' allowable exemptions from (2);
(4) Avoidance of all judicial liens unless (3) is a positive figure;
(5) If (3) does result in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only.

*Brantz*, 106 B.R. at 68. *See also In re Finn*, 211 B.R. 780, 782 (B.A.P. 1st Cir. 1997).

> both a debtor and his joint tenant against the debtor's one-half interest in the property alone because Congress could not have intended that a debtor benefit under section 522(f)(2)(A) by the use of *what realistically should be regarded as someone else's debt* even if the debtor may be liable personally to the creditor for the entire debt. Such a mechanical application of section 522(f)(2)(A) would provide a windfall to the debtor at the expense of a secured creditor.

(Emphasis added). By the same reasoning it would be illogical and inequitable to allow Mr. Ortiz to include the Target lien, which does not encumber his ownership interest in the residence, and Ms. Ortiz to include the NCEP lien, which does not encumber her ownership interest, in their respective § 522(f)(2)(A) calculations.

I find that "all other liens on the property" in § 522(f)(2)(A)(ii) means all liens against the debtor's interest in the property. By this interpretation, in this case "all other liens" means the home mortgage only. Mr. Ortiz may not include the Target lien in his impairment calculation under § 522(f)(2)(A) and Ms. Ortiz may not include the NCEP lien in hers.

Furthermore, subject to the limitation in § 522(b) that spousal debtors in a jointly administered case must elect the same exemption scheme, each spouse's exemptions apply separately. Bankruptcy Code § 522(m). Thus, although both debtors are entitled to a homestead exemption, the language of § 522(f)(1) is clear that the judicial lien must impair " the exemption to which *the debtor* would be entitled." (Emphasis added). Mr. Ortiz may not aggregate or stack his wife's homestead exemption with his in calculating the impairment caused by the NCEP lien nor may Ms. Ortiz do so with respect to the Target lien.

Applying the formula set forth in § 522(f)(2) to this motion results in the following outcomes:

<u>The NCEP Lien Against Mr. Ortiz's Interest</u>

| | | |
|---|---|---|
| The lien | NCEP | $8,557.85 |
| All other liens against Mr. Ortiz's interest | First mortgage | $135,000 |
| Amount of exemption Mr. Ortiz would have been entitled to claim | § 522(d)(1) less pour-over | $19,919.03 |
| **SUBTOTAL** | | $163,476.88 |
| Value of the property | | $157,340.00 |
| **AMOUNT OF IMPAIRMENT** | | $6,136.88 |

Because the sum of the liens and Mr. Ortiz's exemption exceeds the value of the home by $6,136.88, only $6,136.88 of NCEP's lien may be avoided which means that $2,420.97, the difference between the impairment and the amount of the NCEP lien, survives. Applying the *Brantz* formula as a cross-check, the outcome is the same. The value of Mr. Ortiz's interest in the property ($157,340) exceeds the mortgage ($135,000) by $22,340. That amount, in turn, exceeds the maximum exemption claim to which Mr. Ortiz would have been entitled ($19,919.03) by $2,420.97, which represents the non-exempt value available to partially cover NCEP's lien.

The Target Lien Against Ms. Ortiz's Interest

| The lien | Target | $7,754.45 |
|---|---|---|
| All other liens against Ms. Ortiz's interest | First mortgage | $135,000 |
| Amount of exemption Ms. Ortiz would have been entitled to claim | § 522(d)(1) less pour-over | $19,628.71 |
| **SUBTOTAL** | | **$162,383.16** |
| Value of property | | $157,340.00 |
| **AMOUNT OF IMPAIRMENT** | | **$5,043.16** |

Because the sum of the liens and Ms. Ortiz's exemption exceeds the value of the home by $5,043.16, only $5,043.16 of Target's lien may be avoided which means that $2,711.29, the difference between the impairment and the amount of the Target lien, survives. Again applying the *Brantz* formula, the value of Ms. Ortiz's interest in the property ($157,340) exceeds the mortgage ($135,000) by $22,340. That amount exceeds the maximum exemption to which Ms. Ortiz would have been entitled ($19,628.71) by $2,711.29, which represents the non-exempt value available to partially cover Target's lien.

Thus, after due consideration, the Motion will be allowed in part, as follows:

1. $6,136.88 of the judicial lien of NCEP against Mr. Ortiz's interest in the property is avoided pursuant to 11 U.S.C .§ 522(f).

2. $5,043.16 of the judicial lien of Target National Bank, against Ms. Ortiz's interest in the property is avoided pursuant to 11 U.S.C. § 522(f).

3. Pursuant to 11 U.S.C. § 349(b)(1)(B) said judicial liens shall be reinstated in

their entirety if this case is dismissed unless the Court, for cause, orders otherwise.

Separate orders will issue.

Dated: July 14, 2014                              By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge